UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DANIEL,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | No. EDCV 13-978 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits and supplemental security income benefits. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the June 12, 2013 Case Management Order, on March 4, 2014, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record ("AR"), filed by defendant on December 9, 2013, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and the matter remanded for further proceedings.

///
///
///
///

## PROCEDURAL HISTORY

On November 13, 2009, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). ALJ Michael D. Radensky held a hearing on December 29, 2011. On January 27, 2012, the ALJ issued a decision denying benefits. Plaintiff sought review of the decision before the Social Security Administration Appeals Council and submitted additional evidence. The Council denied review on March 26, 2010. Plaintiff commenced the instant action on May 30, 2013.

## CONTENTIONS

Plaintiff raises two issues in this action:

1. Whether the finding that plaintiff can perform the requirements of exertionally medium work is supported by substantial evidence and free of legal error.
2. Whether the finding that plaintiff's subjective complaints are not credible is supported by clear and convincing rationales.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986).

Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003).

## DISCUSSION

The Court will address the issues raised by plaintiff in reverse order.

    A.  Issue 2.

Plaintiff contends that the ALJ improperly discredited his testimony. An ALJ may reject a claimant's allegations upon:  (1) finding evidence of malingering; or (2) providing clear and convincing reasons for so doing. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). The following factors may be considered in weighing the claimant's credibility in the absence of evidence of malingering:  (1) his reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his conduct; (3) his daily activities; (4) his work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. § 404.1529(c); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.). The ALJ may also use "ordinary techniques of credibility evaluation." *Thomas*, 278 F.3d at 960. "General findings are insufficient." *Reddick v. Chater*, 157 F.3d at 722. The ALJ must state which testimony is not credible and identify the evidence that undermines the plaintiff's complaints. *Id.*; *Benton*, 331 F.3d at 1041. The ALJ's credibility determination is entitled to deference if his reasoning is supported by substantial evidence in the record and is "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . . ." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (internal quotation marks

omitted); *see also Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) (ALJ must "point to specific facts in the record which demonstrate that [the claimant] is in less pain than she claims").

   The ALJ provided the following rationale for discounting plaintiff's testimony:

> The claimant was not a fully credible witness. He admitted to regular church attendance, said that he attended his grandson's football games every weekend and came to the hearing with his ex-wife who counsel called his caretaker. The claimant livened up a lot when talking about sports and said that he watches alot of sports on television. He testified that he has 14 grandchildren and tries to be involved with all of them. Electrodiagnostic studies demonstrate severe neuropathy but are not supported by objective clinical findings. While treating notes document numbness in the claimant's feet, the consultative medical examiner recorded only mild neuropathic findings which undermines the electrodiagnostic studies.
>
> The claimant's statements provided in his Function Report are unpersuasive. He claims an entirely indolent and unproductive lifestyle being unable to perform household chores, yard word, prepare meals and said that his daughter give him insulin injections. He said that he sits on the porch in the evenings and has no energy to perform house or yard work. He said he was able to drive, took some short walks and was able to shop perhaps once a month. However, his testimony at the hearing detailed a different portrait of the claimant being significantly active with his grandchildren, attending church and socializing (Exhibit 8E).

AR 23.

  Essentially, the ALJ appears to rely on two factors: (1) plaintiff's hearing testimony shows a more active lifestyle than he described in his Function Report and (2) the test results (and presumably plaintiff's testimony regarding same) showing severe neuropathy are not supported by clinical findings. Neither of these factors is clear and

convincing.

With respect to the first factor, the activity described by plaintiff in his hearing testimony cannot accurately be described as showing an active lifestyle. Plaintiff testified that he previously did not go to church, but that he now goes to church on Sundays accompanied by his family. (AR 55 - 56.) He also testified that his 14 grandchildren come to visit him. He did not describe participating in any activity with his grandchildren. (AR 62.) In addition, plaintiff testified that one of his grandsons plays football every other Saturday. Although the record is unintelligible at this point, it may be that plaintiff testified that he attended those games. (AR 59.) Finally, plaintiff testified that another of his grandchildren plays baseball, but that he has not been to one of those games in awhile. (AR 63.)

Presumably, the ALJ considered this testimony to be inconsistent with the following statements in the Function Report: under "Social Activities," when asked about the kinds of things he does with others, plaintiff wrote, "[F]amily members visit w/me as I lay in my bed." When asked to list places he goes on a regular basis, plaintiff wrote, "Nowhere, I just sit on my porch in the evenings." (AR 202.) Depending on one's interpretation of "regular basis," the only apparent inconsistency between the hearing testimony and the Function Report is the failure to mention attending church every Sunday. However, the Function Report is dated August 1, 2010; whereas, the hearing was held on December 29, 2011. Plaintiff testified that he previously did not attend church. Because the ALJ never asked plaintiff when he started to attend church regularly, there is no contradiction in the record.

With respect to the second factor, the ALJ acknowledges that the medical test showed severe neuropathy and that the treating notes document a symptom of neuropathy (*i.e.*, lack of sensation in the feet). It is unclear what "objective clinical findings" the ALJ was looking for. It is even less clear why a medical test and treatment notes that corroborate plaintiff's symptom testimony provide support for rejecting that testimony. In any event, lack of objective medical support is insufficient, in

1 itself, to serve as a basis for rejecting a claimant's subjective symptoms. *Light v. Social*
2 *Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

3 Therefore, remand is required with respect to this issue.

4 B. Issue 1.

5 Plaintiff contends that substantial evidence does not support the ALJ's findings regarding plaintiff's residual functional capacity. Given that a reassessment of plaintiff's credibility may affect the residual functional capacity analysis, the Court need not decide Issue 2 at this time. However, the Court notes that it is concerning that the ALJ relied on the report of a consultative examiner who had no access to the medical files and was unaware of the diagnostic test (which took place after the consultative examiner prepared his report) that indicated severe neuropathy. Presumably on remand the ALJ will address this concern.

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded for further proceedings.

DATED: November 10, 2014

　　　　　　　　　　　　　　　　　　　　　/S/ FREDERICK F. MUMM
　　　　　　　　　　　　　　　　　　　　　FREDERICK F. MUMM
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge